UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RMKE LLC and CONTRACTORS
SUPPLY SERVICES LLC,

    Plaintiff,

v.        Case No. 11-C-617

JONES BLAIR COMPANY
doing business as Neogard ,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiffs RMKE, LLC and Contractors Supply Services, LLC are Wisconsin limited liability companies based in Omro, Wisconsin. Defendant Jones Blair is a Texas corporation that manufactures and sells protective coatings. In 2008, Jones Blair and the plaintiffs entered into a manufacturer-distributor agreement under which the plaintiffs purchased and resold certain Jones Blair Neogard flooring and waterproofing products. The agreement also provided that the parties agreed that "any controversy relating to the terms of this agreement shall be settled by binding arbitration administered by the American Arbitration Association."

On June 10, 2011, plaintiffs commenced this action in the circuit court for Winnebago County. In their complaint, plaintiff alleged that Jones Blair violated the Wisconsin Fair Dealership Law (WFDL) by terminating the agreement without providing sufficient notice or an opportunity to cure the default as required under the WFDL. Defendants removed the case to federal court and have filed a motion to dismiss or, in the alternative, stay to allow arbitration.

Defendants indicate that arbitration is already proceeding in Texas pursuant to the terms of the agreement between the parties. Plaintiffs have not responded to defendant's motion.

Based on the petition for removal, it appears that the Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Though the owners of the Wisconsin LLCs are not identified, defendants allege, and it appears likely, that the LLCs are Wisconsin citizens. The defendant is a citizen of the state of Texas and the amount in controversy exceeds $75,000. Accordingly, the Court concludes that federal jurisdiction exists.

With respect to the merits, plaintiff has failed to respond to the defendants motion within the time allowed under the local rules. *See* Civil L.R. 7(b) (noting response to a motion due within 21 days after service on the nonmoving party). Having failed to respond, plaintiffs have waived or forfeited any argument in opposition to the motion. Moreover, it further appears from the brief filed in support of the motion that defendants are entitled to the relief requested. The parties agreed to arbitrate disputes that arose under the terms of their agreement. Plaintiffs commenced this lawsuit, however, to resolve just such a dispute. "If one party to a contract containing an arbitration clause attempts to avoid arbitration and files suit in the district court, the other party may move to stay or dismiss the action on the ground that the FAA requires the arbitration clause of the contract to be enforced." *Volkswagon of America, Inc. v. Sud's of Peoria, Inc.*, 474 F3d 966, 970 (7th Cir. 2007). Accordingly, defendant's motion is granted and this matter is ordered dismissed. The dismissal is without prejudice.

Dated this   3rd   day of September, 2011.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge